**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**DESMOND EASLEY,**
        **Plaintiff,**

      v.                                Case No. 06C0712

**CITY OF MILWAUKEE POLICE DEPT.,**
**OFFICER RYAN NEWITT AND OFFICER**
**ROBERT TOELLER,**
        **Defendants.**

---

### DECISION AND ORDER

Plaintiff Desmond Easley, a pro se litigant, has filed an action under 42 U.S.C. § 1983 and § 1985 alleging that defendants unlawfully arrested him based upon his race. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, Nietzke v. Williams, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated, Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."). Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence. Upon review of that affidavit, the court is satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Plaintiff avers that he receives $600 per month in income and yet has monthly expenses of $800.

District courts may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status. Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it is legally "frivolous or malicious" or fails to state a claim upon which relief may be granted. Id.; 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The court is obliged to give a pro se plaintiff's allegations, however inartfully pleaded, a liberal construction. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

First, with respect to plaintiff's § 1983 and § 1985 claims, plaintiff alleges that he was falsely arrested and harassed by the defendant officers. To establish Section 1983 liability through a conspiracy theory, a plaintiff must demonstrate "(1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of a conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens." Green v. Benden, 281 F.3d 661, 665 -666 (7th Cir. 2002). At this time, I cannot conclude that this claim is frivolous or fails to state a claim upon which relief may be granted. See, e.g., U.S. v. Armstrong, 517 U.S. 456, 567 (U.S. 1996) (noting that racially selective law enforcement claim is cognizable under equal protection theory).

Second, plaintiff appears to assert a claim for abuse of process. Abuse of process is not a constitutional tort, and thus I look to Wisconsin law for its elements. In Wisconsin, there are two elements of abuse of process. First, a "wilful act in the use of process not proper in the regular conduct of the proceedings." Brownsell v. Klawitter, 102 Wis.2d 108, 114, 115 (1981). The second element of abuse of process is a subsequent misuse of the process. Id. at 362. However, in its broadest sense, the term "process" comprehends all the acts of the court from the beginning of a proceeding to its end. Wells v. Waukesha County Marine Bank, 135 Wis.2d 519, 536-38 (Ct. App.1986). Here, plaintiff's ' complaint does not allege that either defendants took any action involving process, and therefore he fails to state a claim.

Finally, plaintiff asserts that defendants retaliated against him because of the suit he filed on behalf of his mother for mistreatment due to her alzheimers and dementia. A complaint states a claim for retaliation when it sets forth "a chronology of events from which

3

retaliation may plausibly be inferred." Cain v. Lane, 857 F.2d 1139, 1143 n.6 (7th Cir.1988). At this early stage of the proceeding it appears as plaintiff potentially states a cognizable claim and I will permit him to proceed.

Plaintiff additionally moves to amend his complaint pursuant to Fed. R. Civ. P. 15(a). As defendant has not yet answered, plaintiff's amendment does not require leave of court. Thus, I will grant plaintiff's motion to amend.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint is **GRANTED**.

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(2), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

Plaintiff, however, should provide defendants or their counsel with copies of all future motions or papers filed by the plaintiff in this action.

4

Dated at Milwaukee, Wisconsin this 6 day of September, 2006.

/s_____
LYNN ADELMAN
District Judge