UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DESMOND EASLEY,
        Plaintiff,

v.                                  Case No. 06C0712

CITY OF MILWAUKEE POLICE DEPT.,
OFFICER RYAN NEWITT AND OFFICER
ROBERT TOELLER,
        Defendants.

## DECISION AND ORDER

Plaintiff Desmond Easley, a pro se litigant, has filed an action under 42 U.S.C. § 1983 and § 1985 alleging that defendants unlawfully arrested him based upon his race and retaliated against him because of the suit he filed on behalf of his mother. Currently before me are defendant Milwaukee Police Departments's motion to dismiss and plaintiff's motion to appoint counsel and motion for an order denying defendant's request to produce documents.

### I. DEFENDANT'S MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) raises the question of whether a complaint states a claim upon which relief may be granted. Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir.1997). A complaint or portion thereof may be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts,

it is that even accepting all of the alleged facts, the plaintiff has no legal claim. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir.1999). In reviewing a complaint under this standard, the court must accept as true the plaintiff's allegations, Hosp. Bldg. Co. v. Tr. of Rex Hosp., 425 U.S. 738, 740 (1976), and construe the complaint in the light most favorable to the plaintiff, resolving all doubts in his favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

I turn first to defendant Milwaukee Police Department's motion to dismiss. The capacity of an entity "to sue or be sued" is determined by state law. Fed. R. Civ. P. 17(b). While Wisconsin law explicitly authorizes a suit to be maintained against a city, the statute lacks any authorization to maintain a suit against a police department. See Wis. Stat. § 62.25. See also Grow v. City of Milwaukee, 84 F. Supp. 2d 990, 995-96 (E. D. Wis. 2000) (concluding that the City of Milwaukee Police Department was not a proper party defendant). However, the court has a duty to assist a pro se plaintiff in identifying and serving the proper parties. See Donald v. Cook County Sheriff's Dept., 95 F.3d 548, 555-56 (7th Cir.1996). By definition, the police department is an agency of the City of Milwaukee. Thus, I will determine whether plaintiff has stated a claim against the City of Milwaukee pursuant to Monell v. Dept. of Social Srvs., 436 U.S. 658, 694 (1978).

Under Monell, a section 1983 plaintiff must show (1) that he or she has suffered a deprivation of a constitutionally protected interest, and (2) that the deprivation was caused by an official policy, custom or usage of the municipality. Powe v. City of Chicago, 664 F.2d 639, 643 (7th Cir. 1981). Because I already have concluded that plaintiff has stated an arguable constitutional claim when screening plaintiff's complaint, I turn to Monell's policy element. Although pursuant to Rule 8 of the Federal Rules of Civil Procedure plaintiff is

2

not required to give a detailed factual pleading, a plaintiff's allegations must still connect the defendant to the factual cause of plaintiff's injury. McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir.1995). Thus, to state a claim for liability under § 1983 against a municipality a plaintiff must allege some factual basis to suggest (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) that constitutional injury was caused by a person with final policymaking authority. Id.

Here, plaintiff's allegations focus solely on the actions of Officer Ryan Newitt and Officer Robert Toeller. He does not allege any factual basis suggesting an express or implied policy of the City of Milwaukee. Nor does he allege that Officer Newitt or Toeller have final policy making authority. Thus, I conclude that plaintiff has failed to state a claim against the Milwaukee Police Department because it is not a proper party and against the City of Milwaukee under Monell.

## II. PLAINTIFF'S MOTION TO APPOINT COUNSEL

I turn next to plaintiff's motion to appoint counsel. As grounds for his request, plaintiff states that he is unable to afford counsel and is unlearned in the law. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir.1992); McKeever v. Israel, 689 F.2d 1315, 1318 (7th Cir .1982). And while the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether plaintiff has made a

3

reasonable, but unsuccessful, effort to retain counsel on his own. Id. at 1073. If plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. Id.

In this case, plaintiff has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. Thus, plaintiff's request for court-appointed counsel is premature. Accordingly, I will deny plaintiff's motion without prejudice.

### III. PLAINTIFF'S MOTION TO DENY DISCOVERY

With respect to plaintiff's motion to deny discovery, the two remaining defendants, Officer Ryan Newitt and Officer Robert Toeller have filed answers to plaintiff's complaint. However, no scheduling order is yet in place. As such, I will send out a separate order scheduling a conference pursuant to Fed. R. Civ. P. 16(b) and deny plaintiff's motion to deny discovery without prejudice.

### IV. CONCLUSION

Therefore,

**IT IS ORDERED** that Milwaukee Police Department's motion to dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion to deny discovery is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin this 30 day of April, 2007.

/s_____
LYNN ADELMAN
District Judge

4

Case 2:06-cv-00712-LA   Filed 05/01/07   Page 4 of 4   Document 25