# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DESMOND EASLEY,**
           **Plaintiff,**

      **v.**                             **Case No.  06C0712**

**OFFICER RYAN DEWITT , OFFICER**
**ROBERT TOELLER, CITY OF MILWAUKEE,**
**GRAND HAVEN APARTMENTS, and**
**ROBERT SCHMIDT JR.,**
           **Defendants.**

---

## DECISION AND ORDER

### I.  BACKGROUND

Pro se plaintiff Desmond Easley brings this amended complaint alleging that defendants violated his rights under 42 U.S.C. §§ 1983 and 1985 and common law. Defendants include two Milwaukee police officers, Grand Haven Apartments ("Grand Haven") and Robert Schimdt Jr., the owner of Grand Haven.  In 2006, plaintiff filed two complaints, one against Grand Haven and Schmidt and others, and one against the two officers and others.  Magistrate Judge Gorence dismissed the complaint against Grand Haven and Schmidt under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and entered a judgment in their favor.  Subsequently, plaintiff amended the complaint against the officers adding Grand Haven and Schmidt as defendants.  Pursuant to Rule 12(b)(6), Grand Haven and Schmidt now move to dismiss the amended complaint as to them, arguing that as the result of Magistrate Judge Gorence's dismissal of plaintiff's prior suit against them, the present action is barred by res judicata.

## II. DISCUSSION

Defendants may raise res judicata by means of a Rule 12(b)(6) motion. <u>Lambert v. Conrad</u>, 536 F.2d 1183, 1186-87 (7th Cir. 1976); <u>Johnson v. Panizzo</u>, 664 F. Supp. 336, 338 (N.D. Ill. 1987). To prevail, they must show that the parties in both suits are the same, that both suits involve the same cause of action and that the previous suit resulted in a valid final judgment on the merits. <u>Wade v. Hopper</u>, 993 F.2d 1246, 1252 (7th Cir. 1993); <u>Cannon v. Loyola Univ. of Chi.</u>, 784 F.2d 777, 779 (7th Cir. 1986). Grand Haven and Schmidt satisfy the first of the above elements because they were defendants in the previous suit. They satisfy the second element because both suits involve the same cause of action, namely whether Grand Haven and Schmidt conspired to have him arrested or were involved in what plaintiff contends was his unlawful arrest. Grand Haven and Schmidt also satisfy the third element because Magistrate Judge Gorence dismissed the earlier suit on the merits and entered a final judgment in their favor. <u>See</u> <u>Cannon</u>, 784 F.2d at 780; <u>see also</u> <u>Gilbert v. Braniff Int'l Corp</u>, 579 F.2d 411, 413 (7th Cir. 1978). Although I take into consideration the fact that plaintiff is pro se, the prior judgment seems quite clearly to bar plaintiff's claims against Grand Haven and Schmidt.[1] Plaintiff may of course proceed against the officer defendants who arrested him.

Therefore, for the reasons stated,

---

[1]Further, I see little point in continuing the case against Grand Haven and Schmidt. Grand Haven is little more than the location where the incident occurred, and Schmidt is not alleged to have had any personal involvement in the case. The only non-police defendant against whom plaintiff makes substantive allegations was the building superintendent, who is not a party, apparently because of lack of service.

2

**IT IS ORDERED** that defendants Grand Haven and Schmidt's motion to dismiss is

**GRANTED**.

Dated at Milwaukee, Wisconsin, this 6 day of March, 2008.


/s_____
LYNN ADELMAN
District Judge