## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

DESMOND EASLEY,
          Plaintiff,

   v.                                                          Case No. 06C0712

OFFICER RYAN DEWITT , OFFICER
ROBERT TOELLER, CITY OF MILWAUKEE,
          Defendants.

## DECISION AND ORDER

Before me now is defendants' motion to dismiss pro se plaintiff Desmond Easley's action against them for failure to prosecute. Defendants' counsel Susan Lappen filed an affidavit attesting to several instances in which plaintiff failed to respond to discovery requests or comply with a subpoena for deposition. Defendants maintain that because of plaintiff's failures in this regard, they have been precluded from seeking discovery and preparing a defense, and therefore I should dismiss plaintiff's action for failure to prosecute.

"[D]ismissal for failure to prosecute is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." See Kruger v. Apfel, 214 F.3d 784, 787 (7th Cir. 2000) (internal quotations omitted). Further, "a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff." Sharif v. Wellness Intern. Network, Ltd., 376 F.3d 720, 725 (7th Cir. 2004); see also Ball v. City of Chicago, 2 F.3d 752, 760 (7th Cir.1993).

In this case, although plaintiff has certainly been less than diligent in prosecuting the action, I will deny the motion to dismiss. While plaintiff has not responded to several discovery requests, defendants have not filed any motions to compel such responses. A motion to compel would be a more appropriate first step than a motion to dismiss, especially since dismissal of an action is appropriate only when lesser sanctions have proved unavailing. Moreover, plaintiff has not yet been explicitly warned of the possibility of dismissal of his action for failure to diligently prosecute. This order serves as that warning. Plaintiff is advised that he should timely respond to discovery requests and subpoenas for depositions. Further, he alone is responsible for advising the court and the defendants of any change in his mailing address that might occur, and documents that have been properly mailed are presumed received. Boomer v. AT & T Corp., 309 F.3d 404, 415 n.5 (7th Cir. 2002). Even if plaintiff is concerned that he is not receiving documents, it is his responsibility to keep abreast of the status of his case. Should plaintiff disregard future requests for discovery or fail to attend another deposition, I may dismiss his action with prejudice for failure to prosecute.

I note that the discovery deadline in this case has passed. As defendants have been unable to conduct adequate discovery due to plaintiff's failure to respond to defendants' discovery requests, I will extend the discovery deadline as well as the dispositive motion deadline. Discovery shall be completed by June 11, 2009. Dispositive motions shall be served and filed by July 13, 2009.

Plaintiff has also filed a letter updating the court on his search for counsel and requesting that the court appoint him counsel. Although civil litigants do not have a constitutional or statutory right to appointed counsel, I have the discretion to request

2

Case 2:06-cv-00712-LA   Filed 03/10/09   Page 2 of 4   Document 64

attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir.2007); Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir.1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir.1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt, 503 F.3d at 654; Zarnes, 64 F.3d at 288. Plaintiff asserts that he has attempted to find counsel on his own, and has given the names of four attorneys he contacted. However, he has only provided a single letter from one attorney as evidence of this search, and I am therefore inclined to conclude that he has not met the threshold of conducting a reasonable search for counsel on his own. Even assuming he meets the threshold, I must then address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Pruitt, 503 F.3d at 654-655 (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.1993)). At this stage of the litigation, I conclude that plaintiff is capable of continuing to litigate the action on his own. The issues are not complex in this case, and plaintiff has been able to respond adequately to the motions filed by defendants. Therefore, I will deny plaintiff's request for counsel without prejudice.

**Therefore,**

**IT IS ORDERED** that defendants' motion to dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that discovery shall be completed on or before **June 11, 2009.**

**IT IS FURTHER ORDERED** that dispositive motions shall be served and filed by **July 13, 2009.** The parties should refer to the June 15, 2007 scheduling order in this case for the rules governing dispositive motion practice in this district.

**IT IS FURTHER ORDERED** that plaintiff's request for counsel is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin this 10 day of March, 2009.

/s
LYNN ADELMAN
District Judge