UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DESMOND EASLEY,
        Plaintiff,

v.                                                Case No. 06C0712

OFFICER RYAN NEWITT,
ROBERT TOELLER, and
CITY OF MILWAUKEE,
        Defendants.

## ORDER

      Pro se plaintiff Desmond Easley brings this civil rights action against the City of Milwaukee and two police officers. During the course of litigation, the discovery deadline passed several times without any discovery taking place. I previously denied defendants' motion to dismiss for failure to prosecute, warning plaintiff that failure to comply with discovery deadlines would result in dismissal. I recently considered defendants' second motion to dismiss for failure to prosecute, specifically instructing plaintiff that failure to respond to outstanding discovery requests by January 5, 2010 would result in dismissal. Defendants now bring their third motion to dismiss for failure to prosecute. They claim that while plaintiff submitted a pile of documents purporting to be his initial disclosures, he did not in fact respond to any of their interrogatories or requests for discovery. Plaintiff has not responded to the motion.

      Plaintiff has been given more than ample warning and opportunity to prosecute his claims. A case may be dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute where there is a clear record of delay or contumacious conduct, or prior failed sanctions.

Maynard v. Nygren, 332 F.3d 462, 467 (7th Cir. 2003). A case may be dismissed under Rule 37(d) as a sanction for discovery abuse when plaintiff's actions display willfulness, bad faith, or fault. Collins v. Illinois, 554 F.3d 693, 696 (7th Cir. 2009). Dismissal is appropriate under either standard. There is a clear record of delay on plaintiff's part as this case is nearly four years old and no discovery has taken place. He has a history of willfully refusing to respond to discovery requests and failing to appear for depositions. Additionally, plaintiff has now violated a court order to comply with discovery requests. It is past the point where violation of court rules and orders becomes so serious that dismissal is in order. I will therefore grant the motion to dismiss under both Fed. R. Civ. P. 37(d) and 41(b). All other motions on the docket will be denied as moot.

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that the motion to dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that all remaining motions (Docket #'s 65, 68, 72 and 79) are **DENIED AS MOOT**.

**FINALLY, IT IS ORDERED THAT** this case be **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 10 day of February, 2010.

/s_____
LYNN ADELMAN
District Judge